UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA MAGDALENA RAMOS PORTILLO,<br><br>    Plaintiff,<br><br>        v.<br><br>DAVID W. JENNINGS, et al.,<br><br>    Defendants. | Case No. 17-cv-00701-EDL<br><br>**ORDER DENYING HABEAS PETITION AS MOOT** |

Before the Court is a petition for a writ of habeas corpus in which Petitioner Maria Magdalena Ramos Portillo ("Petitioner") asks the Court to order a bond hearing before an immigration judge. For the reasons discussed below, Petitioner's petition is DENIED AS MOOT.

## I.      BACKGROUND

Petitioner is 29 years old. She first traveled from El Salvador to the United States in 2005. She was convicted of grand larceny in Virginia in January 2010. In April 2010, following her criminal sentence, she entered immigration custody and the U.S. Immigration and Customs Enforcement ("ICE") issued a Final Administrative Removal Order ("FARO") pursuant to 8 U.S.C. Section 1228(b). Petitioner was then removed from the United States to El Salvador.

She returned to the United States thereafter and was detected in May 2010. She pleaded guilty to illegal entry under 8 U.S.C. Section 1325, and, as part of her guilty plea, agreed to reinstatement of her April 2010 order of removal pursuant to 8 U.S.C. Section 1231(a)(5). She was again removed to El Salvador in October 2010.

Petitioner was again detected in the United States in March 2011. She pleaded guilty to illegal reentry under 8 U.S.C. Section 1326, and her April 2010 order of removal was reinstated pursuant to 8 U.S.C. Section 1231(a)(5). She was removed to El Salvador once again in October

United States District Court<br>Northern District of California

1 | 2011.

2 |       Petitioner returned to the United States at an unknown time between 2011 and 2016.  She

3 | was detected on March 27, 2016, when she was arrested and held in San Mateo County jail on a

4 | state arrest warrant.  ICE took her into custody on March 28, 2016 and reinstated her prior

5 | removal order pursuant to 8 U.S.C. Section 1231(a)(5).

6 |       Prior to her removal, Petitioner applied for withholding of removal because her former

7 | domestic partner was a member of a Salvadorian gang who had threatened to kill her if she

8 | returned to El Salvador.  Accordingly, she was referred to an asylum officer for a reasonable fear

9 | interview pursuant to 8 C.F.R. Section 208.31.  On April 6, 2016, the asylum officer found that

10 | Petitioner's fear was reasonable and referred her to an immigration judge to conduct a

11 | "withholdings-only" proceeding pursuant to 8 C.F.R. Section 208.31(e).  The immigration judge

12 | held a hearing on June 15, 2016, and thereafter denied Petitioner's application for withholding.

13 | Petitioner appealed to the Board of Immigration Appeals ("BIA"), which dismissed the appeal on

14 | December 2, 2016.  Petitioner then filed a petition for review with the Ninth Circuit, along with a

15 | motion for stay of removal, which, pursuant to a Ninth Circuit general order, automatically stayed

16 | Petitioner's removal.  The Ninth Circuit appeal is still pending.

17 |       Meanwhile, in light of the fact that she had been detained since March 28, 2016, Petitioner

18 | sought a bond hearing before an immigration judge after reaching 180 days in custody.  During the

19 | hearing on November 9, 2016, and in an order on December 12, 2016, the immigration judge

20 | determined that he lacked jurisdiction to make a bond determination.  Petitioner appealed this

21 | determination to the BIA, which, on April 11, 2017, found that the immigration judge had

22 | jurisdiction to conduct a bond hearing and ordered the immigration judge to conduct such a

23 | hearing.  The immigration judge conducted a bond hearing on May 17, 2017 and determined that

24 | Petitioner should remain detained without bond.

25 | **II.**     **PROCEDURAL HISTORY**

26 |       Petitioner filed her petition for writ of habeas corpus with this Court on February 11, 2017,

27 | and on February 17, 2017, the Court ordered Respondents to show cause.  Respondents filed their

28 | response on March 28, 2017, and Petitioner filed her reply on April 4, 2017.  On April 17, 2017,

1   Petitioner filed a notice informing the Court of the BIA's April 11, 2017 order that the

2   immigration judge conduct a bond hearing.  On May 2, 2017, the Court ordered the Parties to

3   provide further briefing regarding mootness, which they did on May 9, 2017.  On May 19, 2017,

4   the Parties informed the Court of the immigration judge's decision to deny bond.

5   **III.    DISCUSSION**

6           Petitioner has received the relief that she sought from this Court:  a bond hearing before an

7   immigration judge.  Petitioner argues, however, that her petition for habeas corpus is not moot

8   because the immigration judge failed to comply with the procedures required under Ninth Circuit

9   precedent during that bond hearing, including the requirement that he place the burden on

10  Respondents.  See Rodriguez v. Robbins, 804 F.3d 1060, 1087-89 (9th Cir. 2015), cert. granted

11  sub nom. Jennings v. Rodriguez, 136 S. Ct. 2489 (2016).  However, when an individual files a

12  habeas petition seeking a bond hearing and the hearing is provided prior to adjudication of the

13  petition, the petition is moot even if the immigration judge determines that the individual should

14  not be released.  See Flores-Torres v. Mukasey, 548 F.3d 708, 710 (9th Cir. 2008) (petition

15  seeking bond hearing was moot after petitioner received bond hearing, even though he was not

16  released); see also Singh v. Chertoff, No. CV–07–0380–FVS, 2009 WL 211894, at *4 (E.D.

17  Wash. Jan.13, 2009) (because the petitioner received a bond hearing by an immigration judge, his

18  petition was moot even though he had not been released); McCullock v. Kane, No. CV 07-2274-

19  PHXJWSECV, 2008 WL 5460211, at *1-2 (D. Ariz. Dec. 18, 2008) (petition seeking bond

20  hearing was moot after petitioner received hearing, despite the fact that respondent had appealed

21  bond determination and it was therefore stayed; "to the extent that petitioner is challenging

22  respondent's appeal, that must be done at the administrative level [because] the District Court is

23  without jurisdiction to review the Immigration Judge's bond determination").

24          If the bond hearing did not comply with Rodriguez or Plaintiff otherwise disagrees with

25  the immigration judge's determination, her proper recourse is to appeal the immigration judge's

26  decision administratively.  See Prieto-Romero v. Clark, 534 F.3d 1053, 1065-66 (9th Cir. 2008)

27  (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity

28  of his detention before a neutral decisionmaker and an opportunity to appeal that determination to

3

the BIA."). Accordingly, her petition for a writ of habeas corpus is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: May 24, 2017

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge